**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| PJF Limited Partnership | ) |
| | ) No. 23-1132 |
| v. | ) |
| | ) |
| Thomas Gorman, | ) |
| | ) |
|     Trustee. | ) |

**MOTION TO CORRECT STYLING OF
THIS APPEAL OR OTHERWISE
RECOGNIZE THE INDIVIDUAL STATUS
OF APPELLANT**

**Preliminary Action**

Appellant received a "Status of Counsel Notice" in this matter on February 10, 2023, which stated that Appellant, P. Jay Fetner, "signed a notice of appeal on behalf of the corporation in this case," noted that a corporation may appear only through a licensed Virginia attorney, and asked that an appearance of counsel form be filed along with an amended notice of appeal in the District Court by February 16, 2023.

Appellant telephoned the Deputy Clerk of the Court to explain that the Status of Counsel Notice was premised on an erroneous assumption and that Appellant was prepared to ask that the Court correct the unfortunately misleading styling of this matter, that the notice of appeal was not submitted on behalf of a corporation but Appellant personally. Appellant's recent medical issues (peripheral neuropathy) prevented a proper reply by February 16, but Appellant stated that he though a responsive motion could be filed by February 21. Unfortunately, Appellant's condition worsened for a few days and only now has he been able to follow through.

1

RECEIVED
2023 FEB 27  PM 3:09
U.S. C.A.
FOURTH CIRCUIT

Appellant respectfully asks that the Court accept the instant filing as timely and a good faith satisfaction of the Status of Counsel Notice of February 6, 2023.

## Background

Appellant (Fetner) filed a voluntary Chapter 12 bankruptcy notice for PJF Limited Partnership in early 2021. At the time, Fetner was the General Partner and sole remaining limited partner. Appellant attempted to represent the Debtor, a Family Limited Partnership, *"pro se."* The bankruptcy court subsequently dismissed the case after a hearing on May 26, 2021. The lower court ordered that the limited family partnership must appear strictly by counsel on June 28, 2021. When Fetner caused another Chapter 12 petition to be filed, the bankruptcy court on July 27, 2021, held a hearing on a Show Cause Order why Philip Jay Fetner should not be held in civil or criminal contempt for violating a prior order of the court. The court subsequently determined that it would "certify the case to the U.S. District Court for the Eastern District of Virginia for criminal contempt proceedings against Mr. Fetner." This language clearly implied that the bankruptcy court, in the post *Stern v. Marshall* era, was, in this non-core proceeding, recommending its "proposed" filings of fact and conclusions of law to the District Court. "Mr. Fetner" was given 14 days "after being served with a copy of the proposed findings of fact and conclusions of law" to file objections thereto.

The bankruptcy court invoked Federal Bankruptcy Rule 9033, which Rule seems ambiguous on whether the District Court should issue a "final" order after Rule 9033 de novo review based on the record before it or, alternatively, permit a full-blown merits review and hearing.

2

On August 16, 2021, Fetner filed objections to the certification and recommendations. The District Court took no immediate action on the matter. A year passed, then 18 months. Fetner naturally concluded that the District Court had declined to take any further action.

On January 6, 2023, however, the District Court issued the order that is the subject of this appeal. The order deals exclusively with Fetner personally.

**Argument**

This filing is not the appropriate place to argue at length the merits of the appeal, but it helps to understand the grounds of appeal to follow the logic of why this appeal does not concern the Limited Partnership as a party but strictly Fetner as an individual. Indeed, the first central fact to be emphasized is that Fetner was allowed/required to appear at the bankruptcy hearing held on July 27, 2021, not as a representative of the limited partnership but strictly as an individual arguing the case against contempt. The logic that Fetner should therefore be allowed to continue to pursue the appeal of this charge is inescapable.

Of course, at this time, the primary grounds for appeal is that in a criminal matter – and the District Court's order specifically recognizes that Fetner's full rights in a criminal matter must be respected – the District Court by inexplicably delaying this matter for some 18 months clearly denies Fetner's constitutional due process for speedy process.

The personal context of this bankruptcy filings, where an 80-year old man was attempting to save his home of a quarter century, a farm in which he had invested well over a million dollars and pursued a family project initiated by his parents years earlier, is paramount. The opposition by two rapacious, unethical, and alleged creditors only reinforced the personal emotions at play. Mr. Fetner stated in open court that he regreted the error in judgment made in causing the second

3

bankruptcy petition to be filed, but the matter was not without active subtleties and reasonable mitigations. The court's annoyance was not without foundation but its reaction in converting the matter to a criminal violation is extreme in this context and borderline hysterical.

At the risk of drifting too far into the merits of an appeal, Appellant should at least point out that the second petition filed on June 28, 2021 differed materially and intentionally from the first. It was not filed "*pro se*." No attorney signed the petition, but a notation was made that Debtor expected an attorney to enter an appearance imminently. Fetner signed as General Partner for the Debtor as required. The Clerk accepted the filing – Fetner remained at the Clerk's window for some fifteen minutes as the Clerk read the petition papers several times. Subsequently, in his papers to the court and at the hearing on July 27, 2021, Fetner went to considerable lengths to describe the full history between the two filings, with a focus on the consideration of the Order of May 26, 2021. The bankruptcy court in its Certification surprisingly ignored altogether this testimony. Not a word is referenced.

Fetner's uncontested testimony in court concerning his many days of discussions with several seasoned attorneys was simply ignored. Unchallenged was the testimony that Fetner was acting on the advice, if not, emphasis, of competent counsel, including specialist in Chapter 12 matters.

The facial violation of the court's order of May 26 was hardly "willful" or "contumacious" in the criminal sense, and the court chose as its main rationale for turning to a criminal violation that a civil remedy was inadequate! It may be seriously doubted that a criminal requirement for mens rea can be ignored because non-criminal remedies lack punch! A crime can never be defined by the lack of practical recourse or punishment elsewhere for a particular action. That is authoritarian nonsense.

4

The question of the bankruptcy court's general authority to invoke criminal contempt is also not easily ignored. Whether the power to issue civil contempt sanctions derives from 11 U.S.C. §105(a) or inherently is interesting but irrelevant. The Fourth Circuit precedent cited by the bankruptcy court is specific to civil contempt. Criminal sanctions are another matter altogether. Ordinarily in America, we do not jail people for their civil debts, and bankruptcy at bottom is a system of providing debtors a fresh start while fairly treating worthy creditors given the financial assets available. It is more than a stretch to say that the bankruptcy system cannot work as intended without the availability of criminal sanctions as coercion. This case, involving purely an arguable procedural, process violation – whether a party seeking to avail itself of bankruptcy protection may proceed in court *pro se* or must be represented by appropriate counsel – raises squarely that doubt. What fundamental bankruptcy purpose is being threatened such that the severity of criminal sanctions is required or desirable? Why not simply deny access, dismiss the case? In the event of provable severe damage caused by a petitioner, particularly a petitioner who was warned of a potential violation, then civil sanctions, more enforceable debt, is as always available.

In bankruptcy matters, we have additional concerns, as *Stern* makes clear. Bankruptcy courts are not Article III courts. Article III authority, such as criminal contempt power, must derive from their association with District Courts. Presumably, the bankruptcy court in this case recognized these limitations in referring the determination to the District Court and citing 18 U.S.C. §401(3). The bankruptcy court also invoked Bankruptcy Rule 9033. What should then be clear, if this trail is logical and permissible, is that the District Court must make a de novo determination and is not involved in deciding a lesser standard whether the bankruptcy court simply abused its discretion. The burden of proof – on the government – is well stated in the

5

*Ashcraft v. Conoco* case quoted on page 4 of the bankruptcy court's Certification. On appeal, Fetner would argue that the burden has not, and could never be, met on this record.

The District Court here held no hearing, engaged in no de novo review, and merely repeated the fact of certification – 18 months later – and referred the matter to yet another legal entity for determination. This process is unheard of in bankruptcy practice. Yet fully implied is that the District Court supports the findings of the bankruptcy court. What is unfolding at the District Court, albeit at glacial pace, is a constitutional travesty of due process. Fetner today at least has a fundamental right to defend himself *pro se*, a right that trumps all formulistic stylistic headings of a case and all conventions ritualistically applied.

## Conclusion

Appellant respectfully asks this Court to change the description of this appeal to "In re Philip Jay Fetner" or some other wording to emphasize that the appeal rests squarely on Fetner as an individual seeking to overturn an order directed to him personally. The family limited partnership is not a party to this appeal, period.

Dated: February 24, 2023

Respectfully Submitted,

P. Jay Fetner
8080 Enon Church Road
The Plains, Virginia 20198
540-222-9693
pjayfetner@aol.com

6

**CERTIFICATE OF SERVICE**

I, P. Jay Fetner, do hereby certify that on the 24rd day of February 2023, a true copy of the foregoing was mailed first-class mail to:

> Thomas P. Gorman
> 300 N. Washington Street, Suite 400
> Alexandria, Virginia 22314
> *Chapter 12 Trustee*

_____
P. Jay Fetner

7

**USPS PRIORITY MAIL EXPRESS**

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)    PHONE (540) 222-9693

Fetner
8080 Enon Church Rd
The Plains, Va 20198

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)    PHONE ( )

Ms. Rickie Edwards, Clerk
US Ct. of Appeals, 4th Cir.
1100 East Main St. Suite 501
Richmond VA

ZIP + 4® (U.S. ADDRESSES ONLY)
23219

$100.00 insurance included.

**PEEL FROM THIS CORNER**

EI 617 184 931 US

**ORIGIN (POSTAL SERVICE USE ONLY)**
☒ 1-Day
PO ZIP Code: 20115
Date Accepted (MM/DD/YY): 02/24/23
Time Accepted: 2:30 PM
Scheduled Delivery Date: 02/27/23
Scheduled Delivery Time: 6:00 PM
Postage: $28.95
Weight: 3.1 ozs
Total Postage & Fees: $28.95

LABEL 11-B, MAY 2021
PSN 7690-02-000-9996

---

(Envelope handwriting, return address:)
Fetner
8080 Enon Church Rd.
The Plains, Va. 20198

